# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>v.<br><br>QUALITY INN AND SUITES – DANVILLE,<br>JACOB ADIGWE and EZEKIEL ADIGWE<br><br>Respondents. | Misc. Action No. _____ |

## PETITION TO ENFORCE SUBPOENA

Martin J. Walsh, Secretary of Labor, United States Department of Labor, respectfully requests that this Court issue an Order compelling Respondents to comply with an administrative subpoena *deuces tecum* issued and directed to Respondents by the Regional Administrator of the Northeast Region of the Wage and Hour Division, United States Department of Labor, in an investigation being conducted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* (the "FLSA"). In support of this Petition, the Petitioner refers the Court to the accompanying memorandum of law, the Declaration of Wage and Hour Investigator Luis Nieves, attached as Exhibit A, the subject administrative subpoena *duces tecum*, attached as Exhibit B; and the declaration of the

undersigned attorney as Exhibit C. As the basis for his Petition, the Secretary asserts:

## Parties

1. Petitioner is the Secretary of Labor, United States Department of Labor, on behalf of the Department of Labor's Wage and Hour Division ("Wage and Hour").

2. Upon information and belief, Respondent Quality Inn and Suites – Danville operates a hotel located at 37 Valley West Road, Danville, Pennsylvania. Exhibit A, ¶¶ 3-4. Upon information and belief, Jacob Adigwe and Ezekiel Adigwe own Quality Inn and Suites – Danville. Exhibit A, ¶ 4; Exhibit B.

## Jurisdiction and Venue

3. The Court has jurisdiction over this petition pursuant to the subpoena enforcement provisions of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by Section 9 of the FLSA, 29 U.S.C. § 209.

4. During some or all of the time period at issue in Wage and Hour's investigation, Respondents Jacob Adigwe and Ezekiel Adigwe owned Respondent Quality Inn and Suites – Danville. That business is located within the jurisdiction of this Court. Exhibit A, ¶ 4; Exhibit B. The subpoena requests records for Quality Inn and Suites and not a business located in any other jurisdiction. Exhibit B.

5. Upon information and belief, Jacob Adigwe and Ezekiel Adigwe reside within the Commonwealth of Pennsylvania. Exhibit A, ¶ 6.

6. Accordingly, a substantial part of the events or omissions giving rise to Wage and Hour's investigation and the instant subpoena enforcement action occurred in the Middle District of Pennsylvania. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b).

## Statutory Background

7. Wage and Hour is the federal agency charged with enforcement of the FLSA. *See* 29 U.S.C. §§ 204, 211(a), 216(c). Wage and Hour may use its investigative authority to determine, *inter alia*, whether any person has violated the FLSA or to otherwise aid its efforts to enforce the FLSA. *See* 29 U.S.C. § 211(a) (broadly authorizing Wage and Hour to conduct investigations, including the power to inspect and copy records).

8. Wage and Hour has authority to investigate whether violation(s) of the FLSA occurred in Respondents' payment of wages for hours worked and other conditions and practices of employment. *See* 29 U.S.C. § 211(a).

9. Section 9 of the FLSA makes applicable the provisions in 15 U.S.C. 49 and 50 (relating to witness attendance and the production of documents) to the jurisdiction, authority, and duties of the Wage and Hour Administrator and of the Secretary of Labor. Accordingly, the Secretary and the Wage and Hour

Administrator have authority to subpoena witnesses and documentary evidence relating to any matter under investigation.

10. Mark Watson, Regional Administrator of the Northeast Region of Wage and Hour, was delegated authority by the Secretary to issue administrative subpoenas under the FLSA. Exhibit A, ¶¶ 4-5.

## Factual Background

11. Wage and Hour is investigating to determine whether the minimum wage, overtime, recordkeeping provisions, or any other provisions of the FLSA were violated by Respondents. Exhibit A, ¶ 3.

12. Wage and Hour's investigation concerns, among other things, wages paid to employees at Quality Inn and Suites – Danville. Wage and Hour is investigating, among other things, whether Respondents employed those employees pursuant to the FLSA, and if so, whether Respondents violated the FLSA with respect to those employees. Exhibit A, ¶ 3.

13. Wage and Hour's previous attempts to obtain records were rebuffed. On February 16, 2022, Mr. Watson, Regional Administrator of the Northeast Region of Wage and Hour, issued an administrative subpoena *duces tecum* to Respondents Quality Inn and Suites – Danville, Jacob Adigwe, and Ezekiel Adigwe or another custodian of records for Quality Inn and Suites – Danville. Exhibit A, ¶ 4; Exhibit B.

14. The administrative subpoena required Respondents or the custodian of their records to produce records as requested in the attachments to the subpoena on or before March 4, 2022. Exhibit B. In lieu of appearing, the subpoena permitted records to be delivered to Wage and Hour's Harrisburg Field Office. Exhibit B.

15. The administrative subpoena was served upon a manager at Quality Inn and Suites – Danville on February 17, 2022, in person, at the location of that business, 37 Valley West Road, Danville, Pennsylvania. Exhibit A, ¶ 5; Exhibit B. Neither Quality Inn and Suites – Danville nor Jacob Adigwe and Ezekiel Adigwe have responded to the subpoena at the time of this filing, although at least Jacob Adigwe is known to have received a copy of the subpoena. Exhibit A ¶¶ 5-6; Exhibit C.

16. To date, no Respondent has produced the documents subpoenaed on February 16, 2022, or stated a valid objection to the subpoena. Exhibit A, ¶ 6. Respondents have been unresponsive to the subpoena. *Id*.

WHEREFORE, for all the reasons set forth herein and in the accompanying Memorandum of Law, the Secretary respectfully requests that this Court issue an Order:

a. Requiring Respondents to comply with the subpoena on a date to be set by the Court;

      b. Tolling the running of the FLSA's statute of limitations from March 4, 2022, the date for compliance with the subpoena, until and including such time as the Petitioner notifies this Court that Respondents have complied with the administrative subpoena *duces tecum* and the Court's Order; and

      c. Granting Petitioner such other relief as may be necessary and appropriate.

      A proposed order is being filed in addition to a Memorandum of Law and Exhibits. Per Local Rule 7.1, the undersigned certifies that he has attempted to communicate with Respondents and no response has been forthcoming.

      Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5122 (voice)<br>(215) 861-5162 (fax) | /s/ Matthew R. Epstein<br>Matthew R. Epstein<br>Senior Trial Attorney<br>PA Bar Id. No. 209387 |
| epstein.matthew.r@dol.gov | May 5, 2022 |