# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH ) | |
| SECRETARY OF LABOR, ) | |
| UNITED STATES DEPARTMENT OF LABOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Misc. Action No. _____ |
| ) | |
| QUALITY INN AND SUITES – DANVILLE, ) | |
| JACOB ADIGWE and EZEKIEL ADIGWE ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF SECRETARY OF LABOR'S PETITION FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENA *DUCES TECUM***

## Contents

Table of Authorities ....................................................................................... i

I.    Factual Background ..............................................................................1

II.   Argument ..............................................................................................2

   A.  Wage and Hour's Investigation is Conducted Pursuant to a Legitimate
       Purpose.............................................................................................5

   B.  The Documents the Secretary Seeks are Relevant to its Investigation ..........8

   C.  The Documents Sought Are Not Already in Wage and Hour's Possession .10

   D.  The Required Administrative Steps Have Been Followed...........................11

   E.  Enforcing the Subpoena Would Not Abuse This Court's Process ...............12

   F.  Respondents' Delay in Producing the Documents Warrants Equitable
       Tolling of the Statute of Limitations. .........................................................13

III.  Conclusion ..........................................................................................15

## Table of Authorities

Page(s)

Cases

*Acosta v. Eagle Eye Commc'ns, LLC*,
   No. 1:17-MI-83-WSD-JKL, 2018 WL 4474640 (N.D. Ga. June 7, 2018) ..........13
*Acosta v. Shingal*,
   No. 17-MC-80119-HRL, 2017 WL 9772873 (N.D. Cal. Nov. 17, 2017) ............2
*Acosta v. Xcel Commc'ns of S. Alabama, Inc.*,
   No. MC 19-0001-WS-N, 2019 WL 1370869 (S.D. Ala. Mar. 26, 2019) ............13
*Brock v. Richardson*,
   812 F.2d 121 (3d Cir. 1987) ........................................................................13
*Burnett v. New York Central R.R*,
   ., 380 U.S. 424 (1965) ................................................................................13
*Dole v. Trinity Industries, Inc.*,
   904 F.2d 867 (3d Cir. 1990) ................................................................. 3, 8, 10
*Donovan v. Lone Steer, Inc.*,
   464 U.S. 408 (1984) ................................................................................4, 11

*E.E.O.C. v. Am. Exp. Centurion Bank*,
    758 F. Supp. 217 (D. Del. 1991) ........................................................................14
*E.E.O.C. v. Gladieux Refinery, Inc.*,
    631 F. Supp. 927 (N.D. Ind. 1986) ....................................................................14
*E.E.O.C. v. Kronos, Inc.*,
    694 F.3d 351 (3d Cir. 2012) ..................................................................................4
*EEOC v. University of Pittsburgh*,
    487 F. Supp. 1071 (W.D. Pa. 1980) ......................................................................3
*Endicott Johnson Corp. v. Perkins*,
    317 U.S. 501 (1943) ..............................................................................................8
*F.D.I.C. v. Wentz*,
    55 F.3d 905 (3d Cir. 1995) ....................................................................................4
*F.T.C. Line of Business Report Litigation*,
    595 F.2d 685) (D.C. Cir. 1978) .............................................................................3
*F.T.C. v. Carter*,
    636 F.2d 781 (D.C. Cir. 1980) ..............................................................................2
*Interstate Commerce Comm'n v. Gould*,
    629 F.2d 847 (3d Cir. 1980) ..................................................................................3
*Mitchell v. Lublin, McGaughy & Assocs.*,
    358 U.S. 207 (1959) ..............................................................................................6
*Nat'l Labor Relations Bd. v. Jo-Dan Madalisse Ltd, LLC*,
    2015 WL 9302922 (E.D. Pa. Dec. 22, 2015) ........................................................4
*NLRB v. Interstate Dress Carriers, Inc.*,
    610 F.2d 99 (3d Cir. 1979) ....................................................................................3
*Oklahoma Press Publishing Co. v. Walling*,
    327 U.S. 186 (1946) ..................................................................................... 2, 4, 6
*Resolution Trust Corp. v. Walde*,
    18 F.3d 943 (D.C. Cir. 1994) ................................................................................8
*Tony and Susan Alamo Found. v. Sec'y of Labor*,
    471 U.S. 290 (1985) ..............................................................................................6
*U.S. ex rel. Office of Inspector Gen. v. Philadelphia Hous. Auth.*,
    2011 WL 382765 (E.D. Pa. Feb. 4, 2011) ............................................................8
*United States v. Hunton & Williams*,
    952 F. Supp. 843 (D.D.C. 1997) ...........................................................................8
*United States v. LaSalle Nat'l Bank*,
    437 U.S. 298 (1978) .........................................................................................4, 12
*United States v. Morton Salt Co.*,
    338 U.S. 632 (1995) ..............................................................................................3
*United States v. Oncology Services Corp.*,
    60 F.3d 1015 (3d Cir. 1995) ..................................................................................8

*United States v. Powell*,
   379 U.S. 48 (1964) ...........................................................................4, 12
*Univ. of Med. & Dentistry of New Jersey*,
   347 F.3d 57 (3d Cir. 2003) ...................................................................4

Statutes

15 U.S.C. § 49 ...................................................................................3, 7
29 U.S.C. § 209 ............................................................................. 1, 3, 7
29 U.S.C. § 211(a) ........................................................................ 1, 5, 6
29 U.S.C. § 211(c) .................................................................................9
29 U.S.C. §§ 204, 211(a), 216(c), 217 ...................................................5
29 U.S.C. §§ 206 & 207 ...................................................................5, 10

Regulations

29 C.F.R. Part 516.................................................................................9

The Secretary of Labor submits this Memorandum in support of his Petition to Enforce an Administrative Subpoena. The parties and the chronology of events leading to the initiation of this action are set forth in the Petition, which is submitted simultaneously with this memorandum. A copy of the administrative subpoena *duces tecum* is attached to the Petition as Exhibit B, and copies of declarations in support of the Petition are attached as Exhibits A and C.

Pursuant to Section 11(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 211(a), the United States Department of Labor, Wage & Hour Division ("Wage and Hour"), is investigating to determine whether the minimum wage, overtime, recordkeeping provisions, or any other provisions of the FLSA were violated by Respondents. Exhibit A, ¶¶ 2-3. Wage and Hour's investigation concerns, among other things, wages paid to workers at Respondents' hotel. Exhibit A, ¶ 3.

## I.    Factual Background

On February 17, 2022, pursuant to Section 9 of the FLSA, 29 U.S.C. § 209, Wage and Hour served an administrative subpoena *duces tecum* directed to Respondent Quality Inn and Suites, 37 Valley West Road, Danville, Pennsylvania 17821. Exhibit A, ¶ 5; Exhibit B. The subpoena commanded Respondents to produce documents by March 4, 2022. To date Respondents have not produced the subpoenaed documents or stated a valid objection to the subpoena. Wage and Hour

and its attorney have attempted obtain the necessary documents and attempted to contact Respondents Ezekiel and Jacob Adigwe to gain compliance.  Although at least one of the individual Respondents has received the subpoena, no response to the subpoena has been made by any party.  See Exhibit A, ¶ 6; Exhibit C.[1]

Wage and Hour's subpoena satisfies the applicable criteria, set forth below, for a valid and enforceable administrative subpoena. Accordingly, the Secretary seeks enforcement of the subpoena through an order from this Court.

## II.   Argument

Administrative subpoenas enable federal agencies to carry out their congressionally mandated duties. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 199-201 (1946). The purpose of such subpoenas is "to discover and procure evidence, not to prove a pending charge or complaint, but to make one, if, in [Wage and Hour]'s judgment, the facts thus discovered should justify doing so." *Id*. at 201.

---

[1] Apart from the fact that at least one of the individual Respondents has received a copy of the subpoena, the individual Respondents are the owners of the business and are responsible for ensuring that the business complies with the subpoena directed to it. Because corporations act only through individuals, courts may hold corporate representatives individually responsible for the company's failure to comply with a subpoena. *See Acosta v. Shingal*, No. 17-MC-80119-HRL, 2017 WL 9772873, at *5 (N.D. Cal. Nov. 17, 2017), *report and recommendation adopted,* No. 5:17-MC-80119-EJD, 2018 WL 1358973 (N.D. Cal. Mar. 16, 2018) (allowing enforcement of FLSA administrative subpoenas where parties clearly had notice of them); *F.T.C. v. Carter*, 636 F.2d 781, 791 (D.C. Cir. 1980) (discussing requirements for service and/or notice of administrative subpoenas).

The FLSA empowers this Court to enforce Wage and Hour's subpoena. *See* 29 U.S.C. § 209 (cross-referencing 15 U.S.C. § 49). Proceedings brought to enforce administrative subpoenas are typically summary in nature. *See Interstate Commerce Comm'n v. Gould*, 629 F.2d 847, 851 (3d Cir. 1980), *cert. denied*, 449 U.S. 1077 (1981); *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 112 (3d Cir. 1979); *EEOC v. University of Pittsburgh*, 487 F. Supp. 1071, 1075 (W.D. Pa. 1980), *aff'd*, 643 F.2d 983, *cert. denied*, 454 U.S. 880 (1981).

The scope of the proceeding is narrow "because of the important governmental interest in the expeditious investigation of possible unlawful activity." *In re F.T.C. Line of Business Report Litigation*, 595 F.2d 685, 702-03 (D.C. Cir. 1978) (internal quotations and citation omitted). Compliance with a subpoena will be ordered if "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant" to the authorized inquiry. *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1995). *See also Dole v. Trinity Industries, Inc.*, 904 F.2d 867, 871 (3d Cir. 1990), *cert. denied*, 498 U.S. 998 (1990). A subpoena satisfies any Fourth Amendment concerns if it "is authorized by Congress, [it] is for a purpose Congress can order,

and the documents sought are relevant to the inquiry." *Oklahoma Press Publ'g Co. v Walling*, 327 U.S. 186, 209 (1946).[2]

In the Third Circuit, "[a] district court should enforce a subpoena if the agency can show '[1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry is relevant, [3] that the information demanded is not already within the agency's possession, and [4] that the administrative steps required by the statute have been followed. The demand for information must not be unreasonably broad or burdensome.'" *Univ. of Med. & Dentistry of New Jersey*, 347 F.3d 57, 64 (3d Cir. 2003), *cert. denied*, 543 U.S. 937 (2004) (quoting *F.D.I.C. v. Wentz*, 55 F.3d 905, 908 (3d Cir. 1995) which cites to *United States v. Powell*, 379 U.S. 48, 58 (1964)); *E.E.O.C. v. Kronos, Inc.*, 694 F.3d 351, 362 (3d Cir. 2012), *as amended* (Nov. 15, 2012); *Nat'l Labor Relations Bd. v. Jo-Dan Madalisse Ltd, LLC*, 2015 WL 9302922, at *2 (E.D. Pa. Dec. 22, 2015).

An employer can defeat an otherwise enforceable subpoena by showing that subpoena enforcement will abuse the court's process, but the employer "bears a heavy burden of proof" on this point. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978). As set forth below, Wage and Hour's subpoena satisfies the Third

---

[2] In *Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 414-15 (1984), the Supreme Court again rejected arguments that an agency's subpoena authority violated the Fourth Amendment or that a warrant was required for a subpoena *duces tecum*.

Circuit's criteria for enforcement and enforcing the subpoena will not abuse this Court's process.

### A.   Wage and Hour's Investigation is Conducted Pursuant to a Legitimate Purpose

Wage and Hour's investigation is conducted pursuant to a legitimate purpose - Wage and Hour's statutory authority to investigate potential violations of the FLSA and to enforce the FLSA. Therefore, the Third Circuit's first criterion for enforcing the subpoena is satisfied.

The FLSA requires, among other things, that employers to pay their non-exempt employees a minimum wage for all hours worked and a premium rate for all overtime hours worked. *See* 29 U.S.C. §§ 206 & 207. Wage and Hour is responsible for administering and enforcing the FLSA. *See* 29 U.S.C. §§ 204, 211(a), 216(c), 217. The FLSA authorizes Wage and Hour to:

> investigate and gather data regarding conditions and practices of employment in any industry subject to this [Act], . . . enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this [Act], or which may aid in the enforcement of the provisions of this [Act].

29 U.S.C. § 211(a). Pursuant to this authority and in order to conduct thorough investigations into the wages, hours, and other conditions and practices of employment, Wage and Hour's investigators regularly request records from

employers, review and copy employers' records (including without limitation

payroll records and records of hours worked), interview employees, and collect and

review other relevant data relating to FLSA compliance. *See also Oklahoma Press*

*Pub. Co. v. Walling*, 327 U.S. 186, 201 (1946) (noting that Wage and Hour

subpoena is authorized by Congress to effectuate and enforce law passed by

Congress).

By its plain text, Section 11(a)'s grant of investigative authority is broad.[3]

This authority extends to "conditions and practices of employment in any industry"

subject to the FLSA and expressly includes the power to inspect and copy records.

29 U.S.C. § 211(a). Moreover, Wage and Hour may use its investigative authority

to determine whether any person has violated the FLSA or to otherwise aid its

efforts to enforce the Act. *See id.* The Secretary is not required to make any

showing about the nature of its investigation, merely that there is an investigation

and that the information sought is relevant.  *Oklahoma Press*, 327 US at 201.

Therefore, Wage and Hour's investigation of Respondents to ensure that their

employees are receiving the FLSA wages to which they are entitled is authorized

---

[3] And as a general matter, the Supreme Court "has consistently construed the Act 'liberally to apply to the furthest reaches consistent with congressional direction.'" *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985) (quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959)).

by the Act. Section 11(a) of the FLSA likewise authorizes Wage and Hour's requests for documents from Respondents in connection with that investigation.

Section 9 of the FLSA gives the Secretary authority to subpoena witnesses and documentary evidence relating to any matter under investigation. *See* 29 U.S.C. § 209. "For the purpose of any hearing or investigation provided for in this [Act]," Wage and Hour has the full range of enforcement powers possessed by the Federal Trade Commission, including its subpoena authority. *Id.* (cross-referencing 15 U.S.C. §§ 49 & 50). Wage and Hour has the "power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49. If the recipient of the subpoena fails to comply, Wage and Hour "may invoke the aid of any court of the United States in requiring" compliance. *Id.* This Court may, in case of such failure to comply, issue an order requiring the recipient of the subpoena to produce the requested documents. *See id.* Therefore, the subpoena to Respondents, which seeks documents in furtherance of its investigation, is authorized by the Act. Accordingly, Wage and Hour's investigation of, and subpoena to, Respondents to determine compliance with the FLSA is pursuant to a legitimate purpose – investigation and enforcement of the FLSA.

**B.    The Documents the Secretary Seeks are Relevant to its Investigation**

The documents sought by the Secretary's subpoena are clearly relevant to its investigation and thus satisfy the Third Circuit's second criterion for enforcing the subpoena. When a government agency seeks documents from a private employer, the courts have broadly construed the notion of "relevance" of the information sought. "Reasonably relevant" means merely "that the information must be relevant to *some* (any) inquiry that the [agency] is authorized to undertake." *United States v. Oncology Services Corp.,* 60 F.3d 1015, 1020 (3d Cir. 1995) (citation omitted). Courts defer to an agency's relevance determination so long as it not obviously wrong. *U.S. ex rel. Office of Inspector Gen. v. Philadelphia Hous. Auth.*, 2011 WL 382765, at *3 (E.D. Pa. Feb. 4, 2011); *United States v. Hunton & Williams*, 952 F. Supp. 843, 854 (D.D.C. 1997); *Resolution Trust Corp. v. Walde*, 18 F.3d 943, 946 (D.C. Cir. 1994). Documents requested by an agency should be produced where the records sought are "not plainly incompetent or irrelevant to any lawful purpose of the [agency] in the discharge of duties under the Act." *Trinity Indus., Inc.*, 904 F.2d at 872 (citing *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943)).

Wage and Hour's investigation concerns, among other things, wages paid to employees at the Quality Inn from at least January 3, 2019, to the present. Exhibit A, ¶ 3. Wage and Hour is investigating, among other things, whether Respondents

employed those employees pursuant to the Act, and if so, whether Respondents

violated the FLSA with respect to those employees. Exhibit A, ¶ 3.

Wage and Hour's subpoena seeks documents that fall into twelve categories.

Exhibit B. These documents are plainly relevant to Wage and Hour's investigation

of Respondents' FLSA compliance. Exhibit A, ¶¶ 3-4, 7. Each of the documents

requested relates to Wage and Hour's investigation of Respondents. Exhibit A, ¶¶

3-4, 7; *see* Exhibit B. The information contained within the documents

Respondents have not produced is relevant to Wage and Hour's investigation.[4]

Exhibit A, ¶ 7. Wage and Hour's investigation of Respondents will be impeded

unless Respondents produce all of the documents identified in the attachments to

the subpoena or otherwise fully respond. Exhibit A, ¶ 7.

The first through fourth category of documents sought includes ownership

and corporate entity documents. The ownership and corporate entity documents are

relevant because they identify persons and entities that may be involved in, and

thus held responsible for, violations of the Act.

The fifth category of documents seeks tax returns or other documentation of

the gross dollar volume of Respondents.  This information is relevant to determine

if Respondents' employees are covered under the FSLA.

---

[4] Records of employee pay and hours worked also are *required* to be maintained by employers.  29 U.S.C. § 211(c); 29 C.F.R. Part 516.

The sixth through twelfth categories of documents sought include records of: employee identification and addresses, pay rate, time worked, earnings, work schedules, employee handbooks, job titles and any claimed FLSA exemptions for workers of Respondents. Exhibit B. Because an employer's central obligations under the FLSA are the payment of minimum wage for all hours worked and the payment of a proper premium rate for all hours worked over forty in a workweek, *see* 29 U.S.C. §§ 206 & 207, those documents are plainly relevant to Wage and Hour's investigation of FLSA compliance at the Quality Inn. Information concerning the identification of employees is crucial in establishing individuals to whom back wages may be due and owing. Information concerning potentially applicable FLSA exemptions assists Wage and Hour in determining which employees may be exempt from the Act's overtime pay requirements. In sum, each category of documents sought by the subpoena meets the broad standard for relevance applied by the Third Circuit. *See Trinity Industries*, 904 F.2d at 874 ("It is enough that the information sought is relevant to any inquiry that the Secretary is authorized by law to undertake . . .").

## C.   The Documents Sought Are Not Already in Wage and Hour's Possession

Wage and Hour has not received any documents from Respondents in response to the subpoena or previous informal requests for documents.  Exhibit A, ¶ 6. Wage and Hour needs the information contained in these documents to

10

conduct its investigation.  Exhibit A, ¶ 7. Accordingly, the subpoena satisfies the

third element for enforcement because Wage and Hour does not possess the

documents sought.

>           **D.     The Required Administrative Steps Have Been Followed**

Wage and Hour followed the required administrative steps in the issuance of

its subpoena to Respondents in satisfaction of the fourth criterion for enforcement.

The Secretary has the authority to authorize any officer, agent, or employee of the

DOL to perform any function of the Secretary. *See Donovan v. Lone Steer, Inc.,*

464 U.S. 409, 409, n.1 (1984). Pursuant to this authority, the Secretary delegated

authority to Wage and Hour Regional Administrators to sign and issue

administrative subpoenas relating to FLSA matters. *See* Exhibit A, ¶¶ 2, 4. Here,

consistent with authority delegated to him, Mark Watson, Regional Administrator

of the Northeast Region of the Wage and Hour Division, issued the subject

administrative subpoena.  Exhibit A, ¶ 4; Exhibit B. The subpoena is clear and

definite in its request for documents. *See* Exhibit B. On February 17, 2022 Wage

and Hour served the subpoena, in-person, on a manager for Quality Inn – Danville.

Exhibit A, ¶ 5; Exhibit B. The Administrator also attempted to serve the individual

Respondents in person and has sent them electronic copies of the subpoena.  While

the individuals have not directly responded, they caused a lawyer to contact

counsel for the Secretary of Labor on their behalf, indicating that they did receive the subpoena.  Exhibit C. Accordingly, the fourth criterion has been met.

### E.    Enforcing the Subpoena Would Not Abuse This Court's Process

Lastly, enforcing the subpoena would not be an abuse of this Court's process. A court's process may be abused when the subpoena "had been issued for an improper purpose, such as to harass [an investigation's target] or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. The target of the subpoena has the burden of showing abuse of the court's process. *Id*. An assertion of bad faith must be founded upon evidence that the agency itself, in an institutional sense, acted in bad faith when it served the subpoena. *LaSalle*, 437 U.S. at 314-16.

There is no evidence that suggests any type of bad faith on the part of Wage and Hour. Respondents have ignored a Wage and Hour subpoena and multiple informal attempts to request documents that are standard in FLSA investigations. Exhibit A, ¶¶ 6-7; Exhibit C.  The documents are not unreasonably broad or burdensome. *See* Exhibit B. Accordingly, Respondents cannot meet their "heavy" burden for showing an abuse of process.

12

### F.    Respondents' Delay in Producing the Documents Warrants Equitable Tolling of the Statute of Limitations.

The facts establish a basis for equitable tolling of the FLSA's statute of

limitations from March 4, 2022, through the date that Respondents produce the

subpoenaed documents. Equitable tolling of the statute of limitations is consistent

with the FLSA's purpose. "The Fair Labor Standards Act is part of the large body

of humanitarian and remedial legislation enacted during the Great Depression, and

has been liberally interpreted." *Brock v. Richardson,* 812 F.2d 121, 123 (3d Cir.

1987). Although statutes of limitations protect defendants from the burden of

defending stale claims, this interest may be outweighed "where the interests of

justice require vindication of the plaintiff's rights." *Burnett v. New York Central

R.R.,* 380 U.S. 424, 426 (1965).

District courts have equitably tolled statutes of limitations when an employer

interferes with a Wage and Hour investigation, including an employer's non -

responsiveness to an administrative subpoena. *See, e.g.*, *Acosta v. Xcel Commc'ns

of S. Alabama, Inc.*, No. MC 19-0001-WS-N, 2019 WL 1370869, at *6 (S.D. Ala.

Mar. 26, 2019) (tolling statute of limitations for noncompliance with subpoena and

reviewing recent cases where other courts tolled same); *Acosta v. Eagle Eye

Commc'ns, LLC*, No. 1:17-MI-83-WSD-JKL, 2018 WL 4474640, at *3 (N.D. Ga.

June 7, 2018), *report and recommendation adopted,* No. CV117MI0083LMMJKL,

2018 WL 4481971 (N.D. Ga. July 11, 2018) (not tolling "would allow a defendant

13

to defeat a potentially meritorious action by refusing to comply with a valid subpoena." Quoting *E.E.O.C. v. Gladieux Refinery, Inc.*, 631 F. Supp. 927, 936 (N.D. Ind. 1986)).  *See also E.E.O.C. v. Am. Exp. Centurion Bank*, 758 F. Supp. 217, 226 (D. Del. 1991) (tolling the statute of limitations in response to an employer's failure to comply with the EEOC's administrative subpoena); Order, *Stewart v. Blessed Hands*, E.D.Pa. No. 21-mc-21-PBT, July 29, 2021 (tolling statute of limitations) (attached as unpublished decision); Order, *Walsh v. Mastercraft Sports Flooring*, E.D.Pa. No. 21-mc-7-NIQA, May 24, 2021 (tolling statute of limitations) (attached as unpublished decision).

Here, Wage and Hour served a subpoena on Respondents and made numerous informal attempts to obtain documents. Exhibit A, ¶¶ 6-7; Exhibit B; Exhibit C.  Respondents' failures to comply with Wage and Hour's subpoena are impeding Wage and Hour's investigation of Respondents. Exhibit A, ¶ 7.

If the Act's statute of limitations is not tolled, Wage and Hour will be harmed by the running of the limitations period while its investigation was stalled by Respondents' non-compliance. Employees who were underpaid at the beginning of the limitations period also will be harmed by losing their opportunity to recover wages and potential liquidated damages. Therefore if the statute of limitations is not tolled, Respondents will benefit from their wrongdoing as a result of their non-compliance with Wage and Hour's subpoena. To prevent that, the

Court should equitably toll the Act's statute of limitations from March 4, 2022, the date for compliance specified in the subpoena, through the date that Respondents produce the subpoenaed documents.

## III.   Conclusion

For the foregoing reasons, this Court should grant the Secretary's Petition for Enforcement, issue an order requiring Respondents to show cause, if any, why it has not complied with the subpoena, order Respondents to produce all items and documents listed and described in the administrative subpoena *duces tecum*, and issue an order tolling the Act's statute of limitations as of March 4, 2022.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5122 (voice)<br>(215) 861-5162 (fax) | /s/ Matthew R. Epstein<br>Matthew R. Epstein<br>Senior Trial Attorney<br>PA Bar Id. No. 209387 |
| epstein.matthew.r@dol.gov | May 5, 2022 |